DECISION
Case management conferences were held November 5, 2006, and December 17, 2007. The parties discussed the issues and exchanged information. Plaintiff's spouse, Jessica Mabbott, also participated in the December conference call.
 I. REFUND CLAIMS
Plaintiff filed returns on May 16, 2007, seeking income tax refunds for tax years 2001 and 2003. Those returns were originally due April 15, 2002, and April 15, 2004, respectively. Defendant denied those refund claims as being untimely.
Plaintiff had many extenuating circumstances that impacted his ability to attend to his business affairs during those interim periods. He stated he was unaware of the strict filing deadlines, otherwise he would have attempted to file sooner for those years.
Oregon law requires that claims for refunds be submitted within three years of the due date of the return. ORS 314.415(1)(b)(A).[1] The due date of the original return starts the period running. Plaintiff's returns were received more than three years past those times. *Page 2 
In Webb v. Department of Revenue, 19 OTR 20, 21 (2006) it was held that: "state statutes of limitation leaves taxpayer no state remedy unless the department is estopped from asserting the bar of ORS 314.415(1)(b)(A)." Here, Plaintiff makes no claim of misleading advice by Defendant prior to filing.
While this finding may appear harsh, it is consistent with other similar cases decided by this court. Tirrill v. Dept. of Rev., TC-MD No 040694A (Aug 9, 2004); Stubbs v. Dept of Rev., TC-MD No 041047D (Mar 2, 2005).
 II. 2004 TAX YEAR
No return for the 2004 tax year was earlier filed by Plaintiff; that year was discussed at the case management conferences. Ms. Mabbott stated she filed a new tax return with Defendant on or about December 10, 2007. Defendant's representative stated she had received that return but had not yet reviewed it for accuracy. The parties pledged to work together, without the court's involvement, to resolve any discrepancies as to that year. At this stage, there is no action of Defendant to review.
 III. WAIVER OF PENALTY AND INTEREST
Plaintiff also submitted returns for 2000 and 2002. Pursuant to ORS305.992, a penalty in the amount of 100 percent was applied for each year and interest was charged. Plaintiff now seeks a waiver of those charges.
Penalty waivers pursuant to ORS 305.145 are within the discretion of Defendant. The court has no authority to consider the reasons for the late returns. ORS 305.410. Defendant's revenue agent is the person invested with such discretionary powers. The auditor involved in this *Page 3 
appeal, at the magistrate's request, shall forward all written materials, including the six page letter filed July 25, 2007, to the appropriate Defendant employee for full consideration of those waiver requests.
 IV. CONCLUSION
IT IS THE DECISION OF THE COURT that the appeal is dismissed.
Dated this ____ day of January 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on January16, 2008. The Court filed and entered this document on January 16,2008.
[1] References to the Oregon Revised Statutes (ORS) are as follows:

Tax years 2000 and 2001: 1999
Tax years 2002 and 2003: 2001
Tax year 2004: 2003
 *Page 1